State ex rel. McLellan *vs.* Judge.

## No. 6539.

### STATE EX REL. THOMAS McLELLAN VS. JUDGE OF THE SIXTH DISTRICT COURT.

A prohibition will be granted forbidding the execution of a judgment homologating a report of experts made in a pending suit, when a suspensive appeal has been taken from that judgment. Such judgment is appealable because the parties are concluded by it as to the matters embraced in it, and if not appealed, would have been offered in evidence on the trial upon the merits as conclusive of those matters. It would not be examinable upon the appeal from the judgment on the merits.

For Prohibition.

*Horner & Benedict* for Relator. *Rice* for Germaine.

The relator brought suit against Charles Germaine for the settlement of a partnership between them in the tug-boat Rochester. Experts were appointed to ascertain the state of the accounts, and their reports were homologated. From this judgment of homologation the plaintiff took a suspensive appeal, which was allowed by the court on a bond of three hundred dollars. The defendant moved to dismiss the appeal for insufficiency of the bond, and because the judgment was interlocutory, which the Supreme Court refused, saying the bond, if insufficient for a suspensive appeal, would sustain a devolutive appeal, and the judgment was final in this respect, in that it settled the respective rights of the parties in the partnership. Shortly after, the defendant took out execution on the judgment, which the plaintiff ineffectually moved to quash, whereupon he applied for a prohibition. The lower judge and Germaine, answering the rule *nisi*, allege that this court having decided that the judgment was final, and the bond being insufficient for a suspensive appeal, the defendant was entitled to his execution.

MARR, J. It is difficult to understand how such a construction could be put upon the judgment, or upon the language of the court in refusing to dismiss the appeal. The objection was that the judgment was interlocutory. The answer was, it is final in its effect and character, not that it was a final judgment between the parties on the merits, but that it settles the respective rights of the parties.

But what was the judgment? There has never been a trial of the cause on the merits. The object of the rule taken by defendant was

to have the report of the experts homologated in order that it might be used as evidence on the trial on the merits. C. P. 45, 457; McCarty *v.* Zuebarie, 11 Ann. 474; Bettercon *v.* Adams, 13 Ann. 334.

Clearly the plaintiff has a right to appeal from the judgment homologating the report; because it was no longer open to controversy in the court in which the suit was pending; and he was concluded by it as to the matters embraced in the report. But that judgment did not condemn him to pay any sum to the defendant; and therefore, when he asked for a suspensive appeal from that judgment, it was necessary for the court to fix the amount of the bond. If the plaintiff had not appealed, the report would have been offered as evidence on the trial on the merits; and would have been made the basis of the final judgment on the merits. It was proper for him therefore, to bring the case to this court, to have the questions raised by his exceptions, and passed upon adversely to him by the court below in the judgment of homologation, considered and determined by this court.

This court has now acquired jurisdiction of the matters passed upon by the court in the judgment of homologation; and the trial of the cause on the merits must necessarily be suspended until this appeal is determined. In treating the judgment appealed from, a judgment which merely homologates the report of experts, and prepares evidence to be used on the final trial on the merits, as a final judgment on the merits, and proceeding to enforce it by execution, the court below effectually deprives the relator of the benefit of his appeal; and invades the jurisdiction of this court.

Without the appeal, the judgment homologating the report of the experts could have been enforced by execution; but having granted a suspensive appeal the court below is completely divested of jurisdiction; and it can no longer deal with that judgment nor give it any effect whatever pending the appeal.

*Peremptory writ ordered.*